```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
UNITED STATES OF AMERICA            :
                                    :
                                    :     21-cr-451 (JGK)(JSR)
          -v-                       :
                                    :     MEMORANDUM ORDER
ELOUISA PIMENTAL,                   :
                                    :
          Defendant.                :
                                    :
------------------------------------x
```

JED S. RAKOFF, U.S.D.J.

    This matter was referred to the undersigned, sitting in Part I, for a bail application. After receiving written submissions and oral argument on August 16, the Court released the defendant subject to the requirement (among others) that, prior to her release, she receive at least the first coronavirus vaccine shot, to be followed by a second shot within the following month. As this is an unusual condition, a brief explanation is in order.

    The Bail Reform Act of 1984 requires that a court order the pretrial release of a defendant on bail "subject to the least restrictive further condition, or combination of conditions, that [the court] determines will reasonably assure the appearance of the person as required and the safety of any other person and the community . . . ." 18 U.S.C. § 3142(c)(1)(B) (emphasis added). See United States v. Sabhani, 493 F.3d 63, 75 (2d Cir. 2007); see also

1

<u>United States v. Salerno</u>, 481 U.S. 739 (1987) (upholding constitutionality of Bail Reform Act).

In light of the ongoing COVID-19 pandemic and the danger to public health of choosing to forego vaccinations that protect not only the vaccinated individuals but the community as a whole, a condition of bail that is reasonably necessary to assure the safety of any other person and the community is to require that the defendant receive a COVID-19 vaccination before being released. COVID-19 vaccines are freely available in federal jails, and vaccination is vital to protect our communities and the most vulnerable among us from the worst risks of COVID-19.

It seems obvious that the Court has ample authority to impose such a condition. For example, pursuant to the Bail Reform Act, courts commonly require that a person (such as the defendant here) who is accused of being a drug dealer remain 24/7 in home confinement while wearing a burdensome electronic bracelet at all times — not just to secure against the risk of flight, but also to protect others against any danger the defendant might pose to the community through continued drug dealing. Similarly, it is commonplace in such circumstances for a court to order a defendant to submit to weekly urine tests, wear a drug-detecting skin patch, and the like. The accused can also be required to undergo both physical and mental examinations. If a court can impose these and other onerous restrictions as a condition of release, <u>a fortiori</u>,

2

a court can take the much more modest step of requiring vaccination as a condition of a defendant's being released on bail.

While unvaccinated defendants held in custody also pose a grave risk to those people who are incarcerated with them, the Court has no authority over the Bureau of Prisons to second-guess its apparent policy of allowing those held in custody to forego vaccination if they so choose. However, when, as here, a defendant requests that the Court exercise its authority to release her from custody on bail, then the Court's responsibility is to set conditions on that release that will prevent a danger to the community, in this case, an enhanced risk of infecting other, innocent people and even potentially causing their deaths.

Accordingly, the Court reaffirms its order requiring such vaccination as a condition of release.

SO ORDERED.

Dated:   New York, NY
         August 17, 2021

                                    _____
                                    JED S. RAKOFF, U.S.D.J.
                                         (Part I)